UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT OHLSEN and BARBARA OHLSEN,<br><br>                Plaintiffs,<br>  v.<br><br>BANK OF AMERICA, N.A. as successor to COUNTRYWIDE HOME LOANS, INC., a Delaware Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware Corporation; RECONTRUST COMPANY, N.A., a corporation of unknown origin and a wholly-owned subsidiary of Bank of America, N.A.; BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK as trustee for the certificate holders of CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-J5, a corporation; and DOES 1-10 as individuals or entities with an interest in the property commonly known as:<br><br>12987 Sandy Drive, Donnelly, Idaho, 83615,<br>                Defendants. | Case No. 1:11-cv-00357-BLW-REB<br><br>**ORDER** |

      On August 10, 2012, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation (Dkt. 28), recommending that Defendants' Motion to Dismiss (Dkt. 12) be granted. Any party may challenge a magistrate judge's proposed

**ORDER - 1**

recommendation by filing written objections within fourteen days after being served with a copy of the Magistrate Judges's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

    Plaintiffs filed an objection challenging the Report and Recommendation's conclusion that their Complaint be dismissed. (Dkt. No. 29). Plaintiffs, in their objection, merely restate the same arguments made in their response to the motion to dismiss. The Court has nonetheless carefully considered the Plaintiffs' contentions and conducted a *de novo* review of the record and the Court agrees with Judge Bush's conclusions. Plaintiffs are in default on their mortgage obligations, have not tendered payment of their obligation, and thus are not entitled to quiet title. Plaintiffs' theories that securitization of the mortgage clouded title to the property, or that MERS is not a valid beneficiary entitled to enforce the note, are not supported by the case law or the loan documents. Plaintiffs also cannot offer any legal authority in support of their claim that Defendants cannot foreclose unless they prove they possess the note. Finally, Plaintiffs have failed to show that the debt was not properly assigned, or that Defendants otherwise failed to comply with Idaho's foreclosure laws. As such, Defendants' motion to dismiss will be granted.

## ORDER

**IT IS ORDERED:**

1. Having conducted a *de novo* review of the Report and Recommendation, the Court finds that Magistrate Judge Bush's Report and Recommendation is well founded in law and consistent with the Court's own view of the record. Therefore, acting on the recommendation of Magistrate Judge Bush, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 10, 2012, (Dkt. 28), shall be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

2. Defendants' Motions to Dismiss (Dkt. 12) is **GRANTED**.

DATED: September 17, 2012

B. Lynn Winmill
Chief Judge
United States District Court